Kaufman Dolowich & Voluck, LLP
21 South Main Street, Suite 251
Hackensack, New Jersey 07102
(201) 708-8240
*Attorneys for Defendant, Bridgehead Container Services Ltd.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ALBERTO CONDOLEO and ANNA CONDOLEO,

                Plaintiffs,

     -against-

GUANGZHOU JINDO CONTAINER CO., LTD.;
BRIDGEHEAD CONTAINER SERVICES LTD.;
APL CO. PTE LTD.; and APL LTD. USA,

                Defendants.
---------------------------------------------------------------X
APL CO. PTE LTD. AND AMERICAN PRESIDENT
LINES, LTD.,

                Third-Party Plaintiffs,

     -against-

HMJ Trucking, LLC,

                Third-Party Defendants.
---------------------------------------------------------------X
HMJ Trucking, LLC,

                Second Third-Party Plaintiff,

     -against-

SALSON LOGISTICS, INC.,

                Second Third-Party Defendant.

---------------------------------------------------------------X

Case No. 15-cv-4677-SJF-ARL

Hon. Sandra J. Feuerstein, J.D.C.

Hon. Arlene R. Lindsay, M.J.D.C.

**RESPONSE TO PLAINTIFFS'
OBJECTIONS TO THE REPORT
AND RECOMMENDATION OF THE
HON. <u>ARLENE R. LINDSAY, M.J.</u>**

On April 23, 2019, The Honorable Arlene R. Lindsay, Magistrate Judge, on referral from Sandra J. Feuerstein, United States District Judge, submitted the "REPORT AND RECOMMENDATION" (hereinafter, as "R&R") for summary judgment (Docket Entry No. 97). On April 23, 2019, plaintiff submitted "PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE HON. ARLENE R. LINDSAY, M.J.," (hereinafter, as "Objections")(Docket Entry No. 98). Defendant, Bridgehead Container Services LTD (hereinafter, as "Bridgehead"), responds as follows:

## I.  STATUTE OF LIMITATIONS

The Magistrate Judge recommended dismissal of plaintiff's cause of action for implied breach of warranty on two separate grounds: (1) no genuine issue of fact existed as to the claim since plaintiff failed to submit admissible evidence that the subject container was not reasonably fit for its intended purpose; and (2) because the claim was barred by the statute of limitations. In his Objection, Plaintiff alleges the Magistrate Judge erred by considering Bridgehead's meritorious statute of limitations argument since raised by Bridgehead in its reply memorandum.

This objection is plainly without merit. The Magistrate Judge properly exercised discretion to consider Bridgehead's meritorious argument concerning the statute of limitations, particularly having given Plaintiff the opportunity to submit a Sur-Reply to that argument. Specifically, the March 26, 2019 Order stated, "Plaintiffs have not had an opportunity to respond to this argument. Accordingly, Plaintiffs are directed to file and serve a response…" (Docket Entry No. 94). The Second Circuit has made it "abundantly clear that a district court has discretion to consider a belatedly-raised argument" in their Reply to an Opposition to Summary Judgment. *Am. Hotel Int'l Grp. Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009); See also *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249 (2d Cir. 2005).

## II.        UNSWORN EXPERT REPORT

Plaintiff's argument, that the Magistrate Judge erred in premising its grant of summary judgment, additionally, on the absence of proof that the subject container breached an implied warranty of fitness as a result of Plaintiff's reliance upon an unsworn expert's report is similarly without merit.

Plaintiff's argument concedes that its sole substantive opposition to Bridgehead's motion for summary judgment seeking dismissal of the implied breach of warranty claim was the unsworn expert report of David Pope. The case law clearly states that "a district [c]ourt properly considers only evidence that would be admissible at trial," as required by Rule 56. *Reza v. Khatun*, No. 09-CV-233 (MKB), 2017 U.S. Dist. LEXIS 116080, at *4-5 (E.D.N.Y. July 25m 2017). "Unsworn expert reports do not satisfy the admissibility requirements of Fed. R. Civ. P. 56(e), and cannot be used [on] a motion for summary judgment without additional affidavit support." *Ibid; Glowczenski v. Taser Int'l, Inc.*, No. 04-CV-4052, 2010 U.S. Dist. LEXIS 47269, 2010 WL 1957289, at *2 (E.D.N.Y. May 13, 2010); *Gotlin v. Lederman*, 616 F. Supp. 2d 376, 389 (E.D.N.Y. 2009); *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 352 (S.D.N.Y. 2005); *see also Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005).

Plaintiff seeks to avoid the recommendation of the Magistrate Judge, that dismissal of the implied breach of warranty claim by submission of a sworn version of the report of his expert, David Pope, out of time. There is no question that the Court established a scheduling order which required Plaintiff's opposition to the motion for summary judgment of Bridgehead to be filed no later than June 29, 2018 (Docket Entry No. 72). Plaintiff did not submit an affidavit of David Pope, or any other evidence satisfying Fed.R.Civ. P. 56(e) timely, or, for that matter, at any time prior to the Magistrate Judge's recommendation of dismissal.  However, a District Court, upon

review of a Magistrate Judge's recommendation, "will not consider 'arguments, case law and/or evidentiary material which could have been, but [were] not, present to the magistrate judge in the first instance." *Komatsu Equip. Co. v. Ravyn & Robyn Constr., LLC*, 2018 U. S. Dist. 171326, * 2 (E.D.N.Y September 28, 2018); *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 46 (E.D.N.Y. 2015); *VOX Amplification Ltd. v. Meussdorffer,* No. 13-CV-4922, 50 F. Supp. 3d 355, 2014 U.S. Dist. LEXIS 138289, 2014 WL 4829578, at *11 (E.D.N.Y. Sept. 29, 2014); *Brown v. Smith,* No. 09-CV-4522, 2012 U.S. Dist. LEXIS 19222, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012).

Indeed, even though a party can submit objections to a report and recommendation of a magistrate on a dispositive matter, the court will "ordinarily refuse to consider arguments, case law and/or evidentiary material which <u>could</u> have been, but was not, presented to the [m]agistrate [j]udge in the first instance." *Kennedy v. Adamo*, No. 1:02-CV-01776-ENV-RML, 2006 U.S. Dist. LEXIS 93900, at *2-3 (E.D.N.Y. Aug. 31, 2006). The reasoning is simple, allowing new evidence is essentially treating the magistrate's work as if it were a "dress rehearsal." *Vega v. Artuz*, No. 97-cv-3775, 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y Sept. 30, 2002).  The Magistrate Judge's refusal to accept the untimely sworn report of plaintiff's expert was properly within its discretion, as would be the same refusal by the Court.

Plaintiff raises no other objections to the recommendations of the Magistrate Judge as concerning Bridgehead.

### III.   Conclusion

Based upon the above, we respectfully urge the Objections be denied in its entirety as they concern Defendant Bridgehead, and that the Court accept the recommendations of the Magistrate Judge

Dated: New York, New York
May 21, 2019

Very truly yours,
**Kaufman, Dolowich & Voluck, LLP**

_____
Gino A. Zonghetti, Esq.