FILED
CLERK
2:39 pm, Jun 21, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALBERTO CONDOLEO and ANNA CONDOLEO,

                               Plaintiffs,

     -against-

GUANGZHOU JINDO CONTAINER CO., LTD.,
BRIDGEHEAD CONTAINER SERVICES LTD.,
APL CO. PTE LTD., and APL LTD. USA,

                               Defendants.
------------------------------------------------------------------X

**ORDER**
15-CV-4677 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court are the objections of plaintiffs Alberto Condoleo and Anna Condoleo (collectively, "plaintiffs") to the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated April 23, 2019 ("the Report"), recommending that the motions of defendant Bridgehead Container Services Ltd. ("Bridgehead") and defendants APL Co. PTE Ltd. and American President Lines, Ltd., i/s/h as APL Ltd. USA (collectively, "APL" or "the APL Defendants") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted. For the reasons set forth below, plaintiffs' objections are overruled and the Report is accepted in its entirety.

I.     Discussion

     A.     Standard of Review

      Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. §

1

636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although a district judge may "receive further evidence" upon *de novo* review, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018), *appeal withdrawn*, No. 18-3693, 2019 WL 1222841 (2d Cir. Feb. 1, 2019) (quotations and citation omitted); *see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review.")

B. Objections

Initially, plaintiffs' general objection "to the entirety of the Magistrate's analysis, discussion, findings, conclusions, decisions, and recommendations," and request that "the Court reject same in their entirety, especially the recommendations, and especially the dismissal of the claims and, instead, rule in Plaintiffs' favor regarding the summary judgment motion [sic], and find that sufficient questions of fact exists, so as to warrant a trial of this action, all in accordance with all the papers [they] submitted in opposition to the summary judgment motions[,]" (Plaintiffs' Objections to the Report ["Plf. Obj."] at 2), are insufficient to invoke *de novo* review. *See, e.g. Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order)

3

(holding that a general objection to a magistrate judge's report "merely referring the court to previously filed papers or arguments does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)." (quotations, alterations and citations omitted)); *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report and recommendation, which merely asked the district court to review his opposition to the defendants' motion to dismiss, was insufficient to obtain *de novo* review). Similarly, plaintiffs' general objection to the Report's recommendation that the derivative claim of Anna Condoleo be dismissed, (*see* Plf. Obj. at 5), is insufficient to invoke *de novo* review. Accordingly, except for the specific objections set forth below, the remainder of the Report is reviewed only for clear error.

Plaintiffs contend, *inter alia*, that Magistrate Judge Lindsay erred: (i) in finding that they did not serve defendant Guangzhou Jindo Container Co., Ltd. ("Guangzhou") with process in this action,[1] (Plf. Obj. at 1); (ii) in omitting from the statement of facts in the Report "the defective condition of the critical and subject door hinge," (*id.*), *i.e.*, the hinge of the header beam on the subject container that purportedly "fractured without warning," (Plaintiffs' Memorandum of Law in Opposition to Defendants' Respective Motions for Summary Judgment ["Plf. Opp."] at 2); (iii) in finding that plaintiffs' breach of implied warranty claim against Bridgehead is time-barred based upon the date that APL took possession of the container, since Bridgehead, itself, "never established the date of delivery," (Plf. Obj. at 3); (iv) in purportedly finding that the APL Defendants "are not liable for breach of implied warranty because they are

---

[1] Plaintiffs also vaguely assert in their objections, dated May 7, 2019, that they "intend very soon to seek a default judgment against [Guangzhou]," (Plf. Obj. at 1), but they have not done so to date. Indeed, plaintiffs have done nothing to prosecute their claims against Guangzhou for over two and a half (2 ½) years, *i.e.*, since September 6, 2016, when they filed a fourth (4th) motion for an extension of time to serve Guangzhou until November 7, 2016. (DE 21).

4

lessors," (*id.* at 3); and (v) in finding that the doctrine of *res ipsa loquitur* does not apply to the APL Defendants "because the container was out of their exclusive control for three (3) days," (*id.* at 4), since "the requirement of exclusive control is not a rigid concept" and the alleged defect "was due to the manner in which the metal was forged or cast[,] . . . [and] logic and reason dictate that we connect any potential damage-causing conduct to the specific defect at issue." (*Id.* at 4).

In addition, plaintiffs submit a purported "revised report" of their expert, David P. Pope (the "Pope Report"), that they contend "is now a sworn report," (Plf. Obj. at 1) (emphasis omitted), because Magistrate Judge Lindsay excluded "the four-page unsworn letter" of Pope that plaintiffs submitted in opposition to the motions for summary judgment on the basis that it did not satisfy the admissibility requirements of Fed. R. Civ. P. 56(e) and, thus, constitutes inadmissible hearsay. (Report at 11). Plaintiffs contend, *inter alia*, that "[d]ue to a clerical error this sworn report was inadvertently submitted as an unsworn report in opposition to the summary judgment."[2] (Plf. Obj. at 1).

---

[2] Plaintiffs also: (i) indicate that "[b]y the end of this week (Sunday)" *i.e.*, May 12, 2019, they (A) "intend to move to either renew the motion for summary judgment on the basis of [Pope's revised] report, or to amend their opposing papers to include said report," (Plf. Obj. at 1-2), and (B) "will respectfully request the Magistrate to reconsider said motion" and to stay further proceedings, (*id.* at 2); and (ii) request that this Court "refrain from issuing a decision regarding the Report until [they] have filed said motion." (*Id.*). However, plaintiffs never filed any such motion to renew or reconsider the Report, or to stay the proceedings. Similarly, plaintiffs contend that since the Report rejected their "attempts to amend the pleadings via opposition to the summary judgment motion[,] . . . by week's end (Sunday), [they] intend to formally move to amend the pleadings and to request a stay. . . [and] again respectfully request that the Court refrain from issuing a decision on the Report until Plaintiff [sic] prosecutes such motion and obtains a stay." (*Id.* at 5) (emphasis omitted). Again, plaintiffs never filed a motion to amend the pleadings or to stay the proceedings.

5

1. Service of Process upon Guangzhou

In support of their assertion that Guangzhou was served with process, plaintiffs submit only an unsworn letter to their counsel from Legal Language Services ("LLS"), dated September 28, 2015, indicating, in relevant part, that "the Central Authority for China received your Hague Request . . . on September 28, 2015."[3] (Plf. Obj., Ex. B). Plaintiffs have not submitted any admissible evidence indicating that they attempted to effect service by a method provided in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), art. 15, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 Hague Convention, *i.e.*, that they transmitted a request for service, the summons and complaint and the service fee to the Ministry of Justice of China ("MOJ"), which is the designated Central Authority for China pursuant to Article 2 of the Hague Convention.[4] Other than the September 28, 2015 unsworn and inadmissible letter from LLS attached to plaintiffs' objections,[5] plaintiffs submit no proof in admissible form that China's designated Central Authority, the MOJ, ever received a request for service of process upon Guangzhou in

---

[3] The letter also indicates, *inter alia*, that it would "take an average of 5-8 months before proof of service [was] returned to the applicant from China[;]" that "[o]nce service has been effected, the Certificate on page two will be completed by the Chinese authorities and returned to LLS, along with a copy of all original documents forming a part of the Request[;]" that proof of service would be in Chinese, but LLS would provide them "with a bid letter for translation and certification of the proof of service[;]" and that "the entire packet of documents, including the final translation, is submitted to the court as proof of service." (Plf. Obj., Ex. B).

[4] Article 2 of the Hague Convention provides, *inter alia*, that "[e]ach Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6." Thus, the Central Authority is the designated recipient of process in a Contracting State under the Hague Convention, and the MOJ is China's designated Central Authority. *See, e.g. Prince v. Gov't of People's Republic of China*, No. 13-cv-2106, 2017 WL 4861988, at * 6 (S.D.N.Y. Oct. 25, 2017), *appeal dismissed*, No. 17-3813 (2d Cir. Jan. 30, 2018) (citing *Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 563-64 (S.D.N.Y. 2013)).

[5] The unauthenticated emails between plaintiffs' counsel and LLS from January 26, 2016 to September 1, 2016, regarding LLS's alleged attempts to obtain updates from "the Central Authority for China," that were submitted by plaintiffs with their motions to extend the time to serve Guangzhou, (see DE 19-21), are also not admissible evidence.

accordance with the Hague Convention, *i.e.*, they do not provide an affidavit of service from the process server; proof of receipt of a request to serve from the MOJ; proof of payment of the requisite service fee; or any other admissible evidence indicating proper service under the Hague Convention. Accordingly, plaintiffs' claims against Guangzhou are dismissed in their entirety.

2. Alleged Omission of Defective Condition in Statement of Facts

Contrary to plaintiffs' contention, the statement of facts in the Report expressly includes their assertion "that the lower hinge of the header bar broke, causing the header bar to break off from the container and strike him." (Report at 6). In addition, Magistrate Judge Lindsay expressly refers to plaintiffs' contentions regarding the defective hinge in her analysis of plaintiffs' claims. (*See* Report at 10 and 17). Accordingly, plaintiffs' objection to the Report's statement of facts is without merit.

3. Exclusion of Expert's Report

Plaintiffs contend, *inter alia*, that Magistrate Judge Lindsay's exclusion of the unsworn Pope Report "was a critical loss because, without said report, Plaintiffs' breach of implied warranty action failed against Bridgehead and APL Defendants." (Plf. Obj. at 2).

Initially, contrary to plaintiffs' contention, the Pope Report attached to their objections is not a "sworn report." (Plf. Obj. at 1 and Ex. A). Rather, it is still a "four-page unsworn letter," (Report at 11), because there is no declaration pursuant to 28 U.S.C. § 1746 contained on any of the four (4) pages of the report itself. There is only a declaration on the last page of the separately paginated, six (6)-page *curriculum vitae*, which is attached to the report behind a separately paginated, two (2)-page document listing the depositions and court proceedings in

which Pope previously testified. Thus, Pope only declares the truth and correctness of his *curriculum vitae* attached to the report; not the report itself. Accordingly, the Pope Report remains an inadmissible hearsay document that is not properly considered on a motion for summary judgment.

4. Breach of Implied Warranty Claims

Even were the Court to consider the Pope Report and "revisit the breach of implied warranty claim in light thereof," as requested by plaintiffs, (Plf. Obj. at 3), Magistrate Judge Lindsay also recommended that summary judgment be granted dismissing plaintiffs' breach of implied warranty claim against Bridgehead and APL on grounds unrelated to the Pope Report. Specifically, the Report recommends, *inter alia*, that summary judgment be granted dismissing plaintiffs' breach of implied warranty claim (i) against Bridgehead as barred by the statute of limitations, (*see* Report at 12-13); and (ii) against APL because, as a lessee of the container, APL is "outside the manufacturing, selling or distribution chain," (*id.* at 14) (quoting *Ito v. Marvin Windows of N.Y., Inc.*, 54 A.D.3d 1002, 1003, 865 N.Y.S.2d 119 (N.Y. App. Div. 2008)), and, thus, "cannot be held liable for breach of the implied warranty of fitness for a particular purpose." (Report at 14).

Plaintiffs' objection to Magistrate Judge Lindsay's finding that the statute of limitations for their breach of implied warranty claim against Bridgehead accrued on October 23, 2008, "the date Bridgehead placed [the] subject container into the stream of commerce by relinquishing custody and control over the container to APL[,]" (Report at 13), is disingenuous. In plaintiffs' counterstatement of material facts pursuant to Local Civil Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, they admitted,

8

*inter alia*, that October 23, 2008 is "the date on which APL took over possession, custody, and control of the container[,]" (Pl. Rule 56.1 Stmt., ¶ 7), and that APL "had exclusive custody and control over the subject container" from October 23, 2008 to August 11, 2012, (*id.*, ¶ 9); and they additionally asserted that "Bridgehead put the new subject container into the stream of commerce on October 23, 2008." (*Id.*, ¶ 19). Thus, Magistrate Judge Lindsay correctly found that plaintiffs' breach of implied warranty claim against Bridgehead accrued on October 23, 2008 and is barred by the applicable statute of limitations.[6]

Plaintiffs' objection to the Report's purported finding "that the APL Defendants are not liable for breach of implied warranty because they are lessors[,]" (Plf. Obj. at 3), is without merit because the Report does not find that the APL Defendants are lessors. To the contrary, the Report correctly finds that "APL was a lessee of the container," and that since APL "was not in the business of selling or leasing containers[,] . . . [it] cannot be held liable for breach of the implied warranty of fitness for a particular purpose." (Report at 14). *See Quinones v. Federated Dep't Stores, Inc.*, 92 A.D.3d 931, 931-32, 939 N.Y.S.2d 134 (N.Y. App. Div. 2012).

5. Negligence Claims against APL

Plaintiffs' objections to the Report's finding that they are not entitled to an inference of negligence under the doctrine of *res ipsa loquitur* are without merit. Under New York law, the doctrine of *res ipsa loquitur* "allows a jury to consider circumstantial evidence and infer that the defendant was negligent in some unspecified way" in cases where the plaintiff "is not in a

---

[6] Plaintiffs cite no support for their assertion that their "arguments/contentions in [their] sur-reply should have been deemed admitted/conceded and should have carried the day[,]" (Plf. Obj. at 3), because Bridgehead did not file a brief in reply thereto. There is no requirement that a movant serve and file a reply brief in further support of an argument it previously raised, much less support for plaintiffs' contention that the failure to serve and file a reply brief amounts, in essence, to a waiver of an argument previously raised by the movant.

9

position to prove directly what actually happened or that a specific act of the defendant was negligent." *Morejon v. Rais Constr. Co.*, 7 N.Y.3d 203, 205, 818 N.Y.S.2d 729, 851 N.E.2d 1143 (N.Y. 2006); *see also Kambat v. St. Francis Hosp.*, 89 N.Y.2d 489, 655 N.Y.S.2d 844, 678 N.E.2d 456 (N.Y. 1997) ("Where the actual or specific cause of an accident is unknown, under the doctrine of res ipsa loquitur a jury may in certain circumstances infer negligence merely from the happening of an event and the defendant's relation to it.")

Plaintiffs not only allege a specific defect, *i.e.*, the hinge, they also assert the specific cause of such defect, *i.e.*, that the hinge was not properly heat treated after casting, which their expert claims is "a standard step in the manufacture of a cast steel part." (Plf. Obj., Ex. B at 3-4). Assuming, *arguendo*, that the cause of the defect claimed by plaintiffs' expert, *i.e.*, the lack of heat treatment, is the *only* possible cause of the hinge breaking, plaintiffs are improperly attempting to use the doctrine of *res ipsa loquitur* to infer that APL, the lessee of the subject container, was somehow negligent for the latent manufacturing defect of which they complain. To the extent there may be other possible unknown causes of the defective hinge, Magistrate Judge Lindsay correctly found that since "the container was outside the exclusive control of APL leading up to and at the time of the accident Plaintiffs are not entitled to an inference of negligence under *res ipsa loquitur*." (Report at 17).

### 6. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Lindsay to which no specific objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth herein and in the Report, plaintiffs' claims against Guangzhou are dismissed; Bridgehead's and APL's

10

motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are granted; and Bridgehead and APL are granted judgment as a matter of law dismissing plaintiffs' claims against them in their entirety with prejudice.

II.   Conclusion

For the reasons set forth above, plaintiffs' objections are overruled and the Report is accepted in its entirety. For the reasons set forth herein and in the Report, plaintiffs' claims against Guangzhou are dismissed in their entirety; Bridgehead's and APL's motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are granted; and Bridgehead and APL are granted judgment as a matter of law dismissing plaintiffs' claims against them in their entirety with prejudice. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                                                                                   /s/
                                                   SANDRA J. FEUERSTEIN
                                                   United States District Judge

Dated:  June 21, 2019
        Central Islip, New York